UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05CV10639RCL

MARY P. DORSEY, Individually and as          :
    Administrator of the Estate of James Dorsey,:
                                                :
       Plaintiff                                  :
                                                :
v.                                            :
                                                :
PFIZER, INC., WARNER LAMBERT COMPANY:
And PARKE-DAVIS, a division of                :
Warner-Lambert Company,                       :
       Defendants                                 :

## EMERGENCY MOTION OF PROPOSED DEPONENT, JOHN F. DMOCHOWSKI, M.D. FOR A PROTECTIVE ORDER TO PREVENT TAKING OF DEPOSITION; STATEMENT OF REASONS; REQUEST FOR HEARING; LOCAL RULE 7.1(A)(2) CERTIFICATION

NOW COMES the proposed deponent, John F. Dmochowski, M.D. by counsel, and moves this Honorable Court for the entry of a Protective Order, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, precluding the defendants from taking the deposition of John F. Dmochowski, M.D. presently scheduled for March 27, 2008. In support of this Motion, Dr. Dmochowski states as follows:

### STATEMENT OF REASONS

Based upon understanding and belief, the underlying action is a class action lawsuit relating to alleged marketing of Neurontin by the Defendants. Mary Dorsey is the plaintiff in the present action and was formally a patient of John F. Dmochowski, M.D.

Dorsey v. Pfizer, Inc., et al.                                                                    2
Emergency Motion of Proposed Deponent, John F. Dmochowski, M.D., for a Protective Order to
Prevent Taking of Deposition
Civil Action No. 05CV10639RCL

John F. Dmochowski, M.D. is not a party to this lawsuit. On or about March 9,

2008, counsel for the Defendants served a deposition subpoena on Dr. Dmochowski

wherein his deposition was noticed for March 27, 2008. Unfortunately, Dr. Dmochowski

is scheduled to undergo surgery on that day. On March 19, 2008, counsel for Dr.

Dmochowski informed counsel for the Defendants and the Plaintiff of Dr. Dmochowski's

conflict and informed of his intention to file this Motion if the deposition was not

rescheduled. Attorney Chaffin as Counsel for the Defendants indicated that he could not

reschedule the deposition because of the pending discovery deadline.

The taking of Dr. Dmochowski's deposition on March 27, 2008 would be

oppressive and be an undue burden on him as it would cause him to delay previously

scheduled surgery (scheduled well before he was served with the deposition notice)

and/or suffer great physical and emotional harm in having to defer necessary medical

care and treatment.

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure, Rule 26(c) states in relevant part, the

Court may, "for good cause shown … make any order which justice requires to protect a

party or person from annoyance, embarrassment, oppression, of undue burden or

expense, including one or more of the following: (1) that discovery not be had; (2) that

discovery may be had only on specified terms and conditions, including a designation of

the time or place; (3) that the discovery may be had only by a method of discovery other

than that selected by the party seeking discovery." Fed.R.Civ.P. Rule 26. The purpose of

the rule is to prevent abuse of the discovery process. *Blount Int'l , Ltd. v. Schuykill*

*Energy Res., Inc.,* 124 F.R.D. 523 (D. Mass. 1989). Such abuse or oppression may be

Dorsey v. Pfizer, Inc., et al.                                                    3
Emergency Motion of Proposed Deponent, John F. Dmochowski, M.D., for a Protective Order to
Prevent Taking of Deposition
Civil Action No. 05CV10639RCL

found where a deponent is subjected to undue burden and/or expense, where the witness

is subject to harassment, where the physical condition of the witness is an issue, or where

the questioning goes far afield or invades areas of privilege. *Id.*

## ARGUMENTS

**I.    The taking of John F. Dmochowski's deposition would be oppressive
        and an undue burden.**

Dr. Dmochowski has scheduled surgery to take place on March 27, 2008. This

date was chosen before he was served with the notice of deposition. The taking of his

deposition at that time would cause him to cancel surgery and suffer great physical and

emotional harm in having to defer necessary medical care and treatment.

The potential of harm to the witness should be weighed against the Defendants'

need for the information, taking in to consideration the alternative methods for obtaining

this information. Dr. Dmochowski is not trying to avoid the completion of his deposition

all together but merely seeks to reschedule the deposition to a date and time when he is

available.

The date of March 27, 2008 for his deposition was arbitrary and Dr. Dmochowski

never agreed to appear at that time. Dr. Dmochowski's name and involvement as a

physician for the plaintiff was likely known to all parties since the beginning of this

action and therefore the failure to notice and complete his deposition sooner is not his

fault.

Dr. Dmochowski is mindful that one or more parties want to obtain his testimony.

He is not trying to impede discovery but he simply cannot attend his deposition on the

same day that he will be having surgery. He will agree to make himself available for his

Dorsey v. Pfizer, Inc., et al.                                                                    4
Emergency Motion of Proposed Deponent, John F. Dmochowski, M.D., for a Protective Order to
Prevent Taking of Deposition
Civil Action No. 05CV10639RCL

deposition at a mutually agreeable date and time.  Dr. Dmochowski has several dates

available in April 2008 and will work with all counsel to find a mutually agreeable date

and time.

**II.    This Motion is filed on an emergency basis because the deposition has been scheduled for March 27, 2008.**

John F. Dmochowski, M.D. files this motion on an emergency basis because his

surgery and his deposition are scheduled for next week, March 27, 2008.  He requests

that the Court hear this motion as soon as possible in order to timely resolve this conflict.

WHEREFORE, and for the foregoing reasons, John F. Dmochowski respectfully requests

that this Court ALLOW his Motion for Protective Order to Prevent Taking of Deposition.

### REQUEST FOR HEARING

John F. Dmochowski, M.D. respectfully requests that unless this Court sees fit to

allow his Motion sua sponte, that oral argument be permitted.

### . LOCAL RULE 7.1(A)(2) CERTIFICATION

I, Stephen M. Fiore, Esquire, counsel for John F. Dmochowski, hereby certify that
pursuant to Local Rule 7.1(A)(2) counsel from my office conferred with David B.
Chaffin as counsel for the Defendants, on March 10, 2008 and March 19, 2008.  Thus,
despite a good faith attempt to resolve the issue presented by the within Motion, we were
unable to do so.

/s/ Stephen M. Fiore

Stephen M. Fiore.  BBO # 634308

Dorsey v. Pfizer, Inc., et al.                                                                    5
Emergency Motion of Proposed Deponent, John F. Dmochowski, M.D., for a Protective Order to
Prevent Taking of Deposition
Civil Action No. 05CV10639RCL


Respectfully submitted,
John F. Dmochowski, M.D.
By counsel,


/s/ Stephen M. Fiore
Stephen M. Fiore
BBO # 634308
Foster & Eldridge, LLP
One Canal Park, Suite 2100
Cambridge, MA  02141
Tele: 617 252-3366

Dated:  3/19/08

Dorsey v. Pfizer, Inc., et al.                                                                                 6
Emergency Motion of Proposed Deponent, John F. Dmochowski, M.D., for a Protective Order to
Prevent Taking of Deposition
Civil Action No. 05CV10639RCL

# CERTIFICATE OF SERVICE

I, Stephen M. Fiore, hereby certify that on this day I served the Emergency Motion of Proposed Deponent, John F. Dmochowski, M.D. for a Protective Order to Prevent Taking of Deposition; Statement of Reasons; Request for a Hearing; Local Rule 7.1(A)(2) Certificate, to the registered plaintiff in this action, via electronically.

Signed under the pains and penalties of perjury:

                                        Respectfully submitted,
                                        Defendant Dmochowski, M.D.,
                                        By counsel,

                                        /s/ Stephen M. Fiore
                                        Stephen M. Fiore, Esquire
                                        B.B.O. #634308
                                        Foster & Eldridge, LLP
                                        One Canal Park, Suite 2100
                                        Cambridge, MA  02141
                                        Telephone:  (617) 252-3366

DATE: March 19, 2008